OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On this appeal our review is limited to so much of the order of the Appellate Division as affirmed the dismissal of the claim of the City of New York for contribution by Beekman Downtown Hospital. There is no evidence in this record of negligence on the part of the hospital or its employees which the jury might have found was the proximate cause of the injuries suffered by plaintiff.
Taken in the light most favorable to plaintiff (and thus the city) there was proof that in addition to the fact that plaintiff was wearing only khaki pants, a T-shirt and socks but no shoes on a very cold December day, Officer Merrill, one of the policemen who brought plaintiff to the hospital, before going off to verify his suspicions, informed the receiving nurse that he believed plaintiff was an escaped mental patient. The nurse, although denying any recollection that the officer had so informed her, testified that under the procedure then applicable at the hospital if a policeman brought in a patient with mental illness, a notation would be made on the chart, the physician responsible would be informed, and the police *978 man would be asked to guard the patient until he could be seen by the doctor or until such time as arrangements could be made to have him transferred to an appropriate facility.
No such procedure was followed in this instance. The policeman left to make his telephone inquiry and the nurse, after making an initial examination for vital signs, left the patient alone and unattended in the emergency room. The patient had entered the hospital at 9:41 a.m. and he walked out on his own at 9:55 a.m. because he felt that the nurses and policemen were talking about him. Thus there was evidence from which a jury could have concluded that the hospital was guilty of negligent nonsurveillance of plaintiff in violation of applicable hospital practice. Had plaintiff been injured while in the hospital in consequence of such inattention there might have been a predicate for a jury finding of liability.
The city’s claim against the hospital for contribution was properly dismissed in this instance, however, because the injuries were not sustained until sometime after plaintiff had left the hospital, returned to his home, changed his clothes and walked to a subway station where he jumped in front of a train. Nor was there any proof that the hospital had any grounds or authority for detaining plaintiff at the hospital or that the hospital’s procedure called for an attempt at any such detention by persuasion or otherwise.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur in memorandum; Judge Fuchs-berg dissents and votes to reverse on the dissenting opinion by Mr. Justice Vincent D. Damiani at the Appellate Division (58 AD2d 647-650).
Order affirmed.